**THE LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo, Esq. SBN #144074
dalekgalipo@yahoo.com
Melanie T. Partow, Esq. SBN #254843
mpartow@galipolaw.com
21800 Burbank Blvd., Suite 310
Woodland Hills, CA 91367
T: (818) 347-3333; F: (818) 347-4118

**THE LAW OFFICES OF TORRES-SIEGRIST**
David Torres-Siegrist, Esq. SBN # #220187
dgts@icloud.com
225 S Lake Ave Ste 300
Pasadena, CA 91101
T: (626) 432-5460
F: (626) 466-9234

*Attorneys for Plaintiff, Araceli Flores*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARACELI FLORES, individually and as successor in interest to Juan Barillas,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF LOS ANGELES, a municipality; MICHAEL MONTOYA, an individual; CORBIN RHEAULT, an individual; and DOES 1-10, inclusive,<br><br>Defendants. | Case No.: 2:18-cv-09936<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. Fourth Amendment – Excessive Force (§1983)<br>2. Fourteenth Amendment – Interference with Familial Relations (§1983)<br>3. Municipal Liability—Ratification (42 U.S.C. § 1983)<br>4. Municipal Liability—Inadequate Training (42 U.S.C. § 1983)<br>5. Municipal Liability—Unconstitutional Custom, Practice, or Policy (42 U.S.C. § 1983)<br>6. Battery – Wrongful Death<br>7. Negligence – Wrongful Death<br>8. Bane Act (Cal. Civ. Code §52.1)<br><br>**DEMAND FOR JURY TRIAL** |

## INTRODUCTORY STATEMENT

1. This is a civil rights officer-involved shooting-death case in which Plaintiff brings survival and wrongful death claims under state and federal law in connection with the fatal shooting of the decedent, Juan Barillas, on November 30, 2017.

## PARTIES

2. At all relevant times, Juan Barillas (hereinafter, "BARILLAS") was an individual residing in the County of Los Angeles, State of California. At the time of BARILLA's death, BARILLAS was married to Plaintiff, ARACELI FLORES. BARILLAS had no children.

3. Plaintiff ARACELI FLORES is and was, at all times pertinent hereto, an individual residing in the County of Los Angeles, California, and was at all relevant times BARILLAS' legal wife, heir-at-law, survivor, and the successor in interest to BARILLAS as defined in California Code of Civil Procedure §§377.11 and 377.30. Plaintiff ARACELI FLORES brings survival claims under state and federal law in her capacity as successor in interest to BARILLAS for survival damages and in her individual capacity on her own behalf for wrongful death damages.

4. ARACELI FLORES has executed and filed the declaration under penalty of perjury required by California Code of Civil Procedure §377.32.

5. Defendant CITY OF LOS ANGELES ("CITY") is and was, at all times pertinent hereto, a municipal corporation and political subdivision organized and existing under the laws of the State of California. CITY owns, operates, manages, directs, and controls the City of Los Angeles Police Department ("LAPD"). CITY is liable for the nonfeasance and malfeasance of DOES 1-10 as to Plaintiff's state law claims pursuant to Cal. Govt. Code § 815.2(a). ("A public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission

would, apart from this section, have given rise to a cause of action against that employee or his personal representative."). As to Plaintiff's state law claims, DOES 1-10 are liable for their nonfeasance and malfeasance pursuant to Cal. Civ. Code § 820(a). CITY is also liable pursuant to Cal. Govt. Code § 815.6.

6. DOES 1 through 10, inclusive, are those persons or entities whose used force against BARILLAS and/or who integrally participated in and/or failed to intervene in the use of force against BARILLAS, and who therefore proximately caused the injuries and damages alleged herein. The true names and/or capacities of Defendants DOES 1 through 10, inclusive, and each of them, are presently unknown to Plaintiff, who therefores sue said defendants by their fictitious names. Plaintiff will seek leave of Court to amend this Complaint and state the true names and/or capacities of such fictitiously named Defendants when the same have been ascertained.

7. At all times relevant herein, Defendant MICHAEL MONTOYA ("MONTOYA") was employed as an LAPD officer and was acting under color of law and in the course and scope of his employment with the LAPD. On information and belief, at all times relevant herein, MONTOYA was and is a resident of the County of Los Angeles.

8. At all times relevant herein, Defendant CORBIN RHEAULT ("RHEAULT") was employed as an LAPD officer and was acting under color of law and in the course and scope of his employment with the LAPD. On information and belief, at all times relevant herein, RHEAULT was and is a resident of the County of Los Angeles.

9. Defendants, and each of them, were the agents, employees and servants of each other and were acting at all times within the full course and scope of their agency with and employment by the CITY, with the full knowledge and consent, either expressed or implied, of their principal and/or employer (CITY) and each of the defendants approved or ratified the actions of the other defendants

-3-
COMPLAINT FOR DAMAGES

thereby making the currently named defendants herein liable for the acts an/or omissions of their agents, servants and/or employees.

## JURISDICTION AND VENUE

10. This civil action is brought to redress alleged deprivations of the Plaintiff's and the decedent's federal constitutional rights as protected by 42 U.S.C. §§ 1983 and 1988, the Fourth and Fourteenth Amendments of the United States Constitution, California common law, the California Constitution, and the Bane Act. Jurisdiction is founded on 28 U.S.C. §§ 1331, 1343, and 1367. Venue is proper in this Court under 28 U.S.C. § 1391(b), because Defendants reside in, and all incidents, events, and occurrences giving rise to this action occurred in Los Angeles County, California.

11. Plaintiff FLORES timely filed a California Tort Claim on May 23, 2018. The City of Los Angeles rejected that claim on May 29, 2018.

12. This case is related to Case No. 2:18-CV-08740-CJC-AS, *Barillas, et al., v. City of Los Angeles, et al.* A Notice of Related Cases is filed concurrently with this Complaint.

## FACTS COMMON TO ALL CAUSES OF ACTION

13. Plaintiff hereby restates and re-alleges each and every paragraph set forth above, and hereby incorporates by reference said paragraphs as though fully set forth below.

14. JUAN BARILLAS was a 37 year-old male.

15. On November 30, 2017, near or around the 12000 block of Vose Street in North Hollywood, CA, police officers working for the LAPD shot and killed BARILLAS. MONTOYA, RHEAULT, and DOES 1-10 were among the officers who fired and struck BARILLAS. Multiple gunshots were fired and BARILLAS was struck nine times.

16. The involved officers were undercover, non-uniformed, and in unmarked vehicles when they encountered BARILLAS. Before firing, Defendants

failed to give a warning that deadly force would be used and it was practicable to do so.

17. At the time of the shots, BARILLAS was alone, outnumbered by law enforcement officers, unarmed, had not threatened anyone, had not injured anyone, and was neither about to commit or in the process of committing any violent crime. Moreover, at the time of the shots, BARILLAS was complying with commands and was in the process of surrendering.

18. BARILLAS did not die immediately at the time of the shots and experienced pre-death pain and suffering as a result of the use of force against him. BARILLAS ultimately also suffered the loss of his life and the loss of enjoyment of his life as a result of the use of force against him. FLORES suffered the loss of BARILLAS' love, companionship, comfort, care, assistance, protection, affection, society, moral support, the enjoyment of sexual relations with BARILLAS, and his training and guidance.

## FIRST CAUSE OF ACTION

### Fourth Amendment Excessive Force, 42 U.S.C. §1983

19. Plaintiff hereby restates and re-alleges each and every paragraph set forth above, and hereby incorporates by reference said paragraphs as though fully set forth below.

20. The Fourth Amendment to the United States Constitution guarantees all persons the right to be free from excessive force by peace officers. 42 U.S.C. § 1983 provides a private right of action for conduct which violates this right.

21. MONTOYA, RHEAULT, AND DOES 1-10 violated BARILLAS' Fourth Amendment right when they used excessive and unreasonable force against him by firing multiple gunshots at BARILLAS without warning, when they were undercover and in unmarked cars, and when BARILLAS was alone, outnumbered by law enforcement officers, unarmed, had not threatened anyone, had not injured anyone, was neither about to commit or in the process of committing any crime, and

-5-

COMPLAINT FOR DAMAGES

when BARILLAS was complying with commands and in the process of surrendering.

22. The use of deadly force against BARILLAS was not objectively reasonable because BARILLAS posed no immediate threat of death or serious bodily injury to the Defendants or anyone else at the time of the shots and there were several alternative means of apprehending BARILLAS without using deadly force.

23. MONTOYA, RHEAULT, AND DOES 1-10 are liable for the excessive and unreasonable force used against BARILLAS because each defendant directly participated, integrally participated, and/or failed to intervene in the violation of BARILLAS' constitutional rights.

24. As a direct and proximate result of the violation of BARILLAS' constitutional rights, BARILLAS experienced pre-death pain and suffering, ultimately suffered the loss of his life, and he also suffered the loss of enjoyment of his life. FLORES therefore seeks survival damages under this claim in her capacity as successor in interest to BARILLAS.

25. The number of shots that the undercover officer defendants fired in this case without warning and against a person who was unarmed, outnumbered, in the process of complying with commands, and surrendering, when that person posed no immediate threat of death or serious bodily injury to anyone, is evidence that the individual officers acted with malice, oppression, and/or in reckless disregard of BARILLAS' rights. FLORES therefore seeks punitive damages against MONTOYA, RHEAULT, AND DOES 1-10.

26. Plaintiff also seeks costs of suit, interest, and statutory attorneys' fees under 42 U.S.C. §1988 under this claim.

///
///
///

## SECOND CAUSE OF ACTION

**Fourteenth Amendment Interference with Familial Relations 42 U.S.C. §1983**

27. Plaintiff hereby restates and re-alleges each and every paragraph set forth above, and hereby incorporates by reference said paragraphs as though fully set forth below.

28. The Due Process Clause of the Fourteenth Amendment to the United States Constitution guarantees all persons the right to be free from state actions that deprive them of life, liberty, or property in such a manner as to shock the conscience, including, but not limited to, unwarranted state interference with the familial relationship of BARILLAS.

29. MONTOYA, RHEAULT, AND DOES 1-10, acting under color of state law, violated FLORES' Fourteenth Amendment right to be free from unwarranted interference with her familial relationship with BARILLAS when they used excessive and unreasonable force, causing BARILLAS' death.

30. MONTOYA, RHEAULT, AND DOES 1-10 are liable for the violation of FLORES' Fourteenth Amendment right because each defendant directly participated, integrally participated, and/or failed to intervene in the use of excessive or unreasonable force against BARILLAS.

31. As a direct and proximate cause of Defendants' conduct, FLORES suffered the loss of BARILLAS' love, companionship, comfort, care, assistance, protection, affection, society, moral support, the enjoyment of sexual relations with BARILLAS, and his training and guidance. FLORES therefore seeks compensatory damages under this claim in her individual capacity.

32. The number of shots that the undercover officer defendants fired in this case without warning and against a person who was unarmed, outnumbered, in the process of complying with commands, and surrendering, when that person posed no immediate threat of death or serious bodily injury to anyone, is evidence that the individual officers acted with malice, oppression, and/or in reckless disregard of

BARILLAS' rights. FLORES therefore seeks punitive damages against MONTOYA, RHEAULT, AND DOES 1-10.

33. Plaintiff also seeks costs of suit, interest, and statutory attorneys' fees under 42 U.S.C. §1988 under this claim.

### THIRD CAUSE OF ACTION

### Municipal Liability – Ratification (42 U.S.C. § 1983)

34. Plaintiff hereby restates and re-alleges each and every paragraph set forth above, and hereby incorporates by reference said paragraphs as though fully set forth below.

35. Defendants MONTOYA, RHEAULT, AND DOES 1-10 acted under color of law.

36. The acts of Defendants MONTOYA, RHEAULT, AND DOES 1-10 deprived BARILLAS and FLORES of their particular rights under the United States Constitution.

37. Upon information and belief, a final policymaker, acting under color of law, who had final policymaking authority concerning the acts of Defendants MONTOYA, RHEAULT, AND DOES 1-10, ratified the actions by Defendants MONTOYA, RHEAULT, AND DOES 1-10 and the bases for them. Upon information and belief, the final policymaker knew of and specifically approved of the acts by Defendants MONTOYA, RHEAULT, AND DOES 1-10.

38. Upon information and belief, a final policymaker has determined (or will determine) that the acts of Defendants MONTOYA, RHEAULT, AND DOES 1-10 were "within policy." Upon further information and belief, a final policymaker has determined (or will determine) that the acts of Defendants MONTOYA, RHEAULT, AND DOES 1-10 do not warrant that any re-training or disciplinary measures be taken against these individual officers.

39. By reason of the aforementioned acts and omissions, Plaintiff FLORES has suffered loss of the love, companionship, comfort, care, assistance, protection, affection, society, moral support, the enjoyment of sexual relations with BARILLAS, and his training and guidance. The aforementioned acts and omissions also caused BARILLAS' pre-death pain and suffering, loss of enjoyment of life, and death.

40. Accordingly, Defendants CITY is liable to Plaintiff for compensatory damages under 42 U.S.C. § 1983.

41. Plaintiff FLORES brings this claim for survival damages in her capacity as successor-in-interest to BARILLAS and in her capacity as an individual for compensatory damages. Plaintiff also seeks attorney's fees pursuant to 42 U.S.C. §1988.

## FOURTH CAUSE OF ACTION

### Municipal Liability – Failure to Train (42 U.S.C. § 1983)

42. Plaintiff hereby restates and re-alleges each and every paragraph set forth above, and hereby incorporates by reference said paragraphs as though fully set forth below.

35. Defendants MONTOYA, RHEAULT, AND DOES 1-10 acted under color of law.

43. The acts of Defendants MONTOYA, RHEAULT, AND DOES 1-10 deprived BARILLAS and FLORES of their particular rights under the United States Constitution.

44. The training policies of Defendant CITY were not adequate to train its officers to handle the usual and recurring situations with which they must deal.

45. Defendant CITY was deliberately indifferent to the obvious consequences of its failure to train its officers adequately.

COMPLAINT FOR DAMAGES

46. The failure of Defendant CITY to provide adequate training caused the deprivation of FLORES and BARILLAS' rights by Defendants MONTOYA, RHEAULT, AND DOES 1-10; that is, Defendants' failure to train is so closely related to the deprivation of FLORES and BARILLAS' rights as to be the moving force that caused the ultimate injury.

47. On information and belief, CITY failed to train MONTOYA, RHEAULT, AND DOES 1-10 properly and adequately.

48. By reason of the aforementioned acts and omissions, Plaintiff FLORES has suffered loss of the love, companionship, comfort, care, assistance, protection, affection, society, moral support, the enjoyment of sexual relations with BARILLAS, and his training and guidance. The aforementioned acts and omissions also caused BARILLAS' pre-death pain and suffering, loss of enjoyment of life, and death.

49. Accordingly, Defendant CITY is liable to Plaintiff for compensatory damages under 42 U.S.C. § 1983.

50. Plaintiff FLORES brings this claim for survival damages in her capacity as successor-in-interest to BARILLAS and in her capacity as an individual for compensatory damages. Plaintiff also seeks attorney's fees pursuant to 42 U.S.C. §1988.

## FIFTH CAUSE OF ACTION

**Municipal Liability – Unconstitutional Custom or Policy (42 U.S.C. § 1983)**

51. Plaintiff hereby restates and re-alleges each and every paragraph set forth above, and hereby incorporates by reference said paragraphs as though fully set forth below.

52. Defendants MONTOYA, RHEAULT, AND DOES 1-10 acted under color of law.

53. Defendants MONTOYA, RHEAULT, AND DOES 1-10 acted pursuant to an expressly adopted official policy or a longstanding practice or custom of the Defendant CITY.

54. On information and belief, Defendants MONTOYA, RHEAULT, AND DOES 1-10 were not disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection with BARILLAS' death.

55. Defendants CITY, MONTOYA, RHEAULT, AND DOES 1-10, together with other CITY policymakers and supervisors, maintained, inter alia, the following unconstitutional customs, practices, and policies:

    (a) Using excessive force, including excessive deadly force;

    (b) Providing inadequate training regarding the use of deadly force;

    (c) Employing and retaining as police officers individuals such as Defendants MONTOYA, RHEAULT, AND DOES 1-10, whom Defendant CITY at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority and for using excessive force;

    (d) Inadequately supervising, training, controlling, assigning, and disciplining CITY officers, and other personnel, including Defendants RAMIREZ and DOE OFFICERS, whom Defendant CITY knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits;

    (e) Maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling misconduct by Defendants MONTOYA, RHEAULT, AND DOES 1-10;

    (f) Failing to adequately discipline CITY police officers, including Defendants MONTOYA, RHEAULT, AND DOES 1-10, for

the above-referenced categories of misconduct, including "slaps on the wrist," discipline that is so slight as to be out of proportion to the magnitude of the misconduct, and other inadequate discipline that is tantamount to encouraging misconduct;

(g) Announcing that unjustified shootings are "within policy," including shootings that were later determined in court to be unconstitutional;

(h) Even where shootings are determined in court to be unconstitutional, refusing to discipline, terminate, or retrain the officers involved;

(i) Encouraging, accommodating, or facilitating a "blue code of silence," "blue shield," "blue wall," "blue curtain," "blue veil," or simply "code of silence," pursuant to which police officers do not report other officers' errors, misconduct, or crimes. Pursuant to this code of silence, if questioned about an incident of misconduct involving another officer, while following the code, the officer being questioned will claim ignorance of the other officers' wrongdoing.

(j) Maintaining a policy of inaction and an attitude of indifference towards soaring numbers of police shootings, including by failing to discipline, retrain, investigate, terminate, and recommend officers for criminal prosecution who participate in shootings of unarmed people.

56. By reason of the aforementioned acts and omissions, Plaintiff FLORES has suffered loss of the love, companionship, comfort, care, assistance, protection, affection, society, moral support, the enjoyment of sexual relations with

BARILLAS, and his training and guidance. The aforementioned acts and omissions also caused BARILLAS' pre-death pain and suffering, loss of enjoyment of life, and death.

57. Defendants CITY, MONTOYA, RHEAULT, AND DOES 1-10, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above. Despite having knowledge as stated above, these defendants condoned, tolerated and through actions and inactions thereby ratified such policies. Said defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of DECEDENT, Plaintiffs, and other individuals similarly situated.

58. The following are only a few examples of continued misconduct by officers working for Defendant CITY. These examples demonstrate an unconstitutional custom, policy, and practice of using deadly force against unarmed civilians, and ratifying that use of deadly force and/or finding the use of deadly force to be justified or "within policy":

   a) *Contreras v. City of Los Angeles*, case number 2:11-cv-01480-SVW (SHx). A unanimous jury awarded Mr. Contreras $5,700,000 after finding that the involved LAPD officers used excessive and unreasonable force when they shot Mr. Contreras, who was unarmed.

   b) *P.C., et al. v. City of Los Angeles*, case number CV 07-3413 PLA. A unanimous jury awarded the plaintiffs $3,215,000 after finding that the involved LAPD officers' use of deadly force was excessive and unreasonable.

   c) *Navas, et al. v. City of Los Angeles, et al.*, case number CV15-09515 SVW (JCx). The City determined that the LAPD officer's use of

deadly force against Sergio Navas was excessive and unreasonable and outside City policy.

 d) *Mears, et al. v. City of Los Angeles, et al.*, case number 2:15-cv-08441-JAK-AJW. A unanimous jury found *Monell* liability on the part of the City for failure to properly train its LAPD officers, and awarded the plaintiffs a total of $5,500,000 after finding that the involved officers' use of deadly force was excessive and unreasonable.

59. By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, MONTOYA, RHEAULT, AND DOES 1-10 acted with intentional, reckless, and callous disregard for the life of BARILLAS and for BARILLAS and Plaintiff's constitutional rights. Furthermore, the policies, practices, and customs implemented, maintained, and still tolerated by Defendants CITY, MONTOYA, RHEAULT, AND DOES 1-10 were affirmatively linked to and were a significantly influential force behind the injuries of BARILLAS and Plaintiff.

60. Accordingly, Defendant CITY is liable to Plaintiff for compensatory damages under 42 U.S.C. § 1983.

61. Plaintiff FLORES brings this claim for survival damages in her capacity as successor-in-interest to BARILLAS and in her capacity as an individual for compensatory damages. Plaintiff also seeks attorney's fees pursuant to 42 U.S.C. §1988.

### SIXTH CLAIM FOR RELIEF
### Battery - Wrongful Death

62. Plaintiff hereby restates and re-alleges each and every paragraph set forth above, and hereby incorporates by reference said paragraphs as though fully set forth below.

63. MONTOYA, RHEAULT, AND DOES 1-10 while ACTING within the course and scope of their employment as LAPD officers, intentionally shot BARILLAS multiple times and used unreasonable and excessive force against him. MONTOYA, RHEAULT, AND DOES 1-10 had no legal justification for using force against BARILLAS, and their uses of force while carrying out their duties as LAPD officers were unreasonable and non-privileged.

64. As a result of the actions of MONTOYA, RHEAULT, AND DOES 1-10, BARILLAS died. The unreasonable and excessive force also caused Plaintiff FLORES to suffer the loss of BARILLAS' love, companionship, comfort, care, assistance, protection, affection, society, moral support, the enjoyment of sexual relations with BARILLAS, and his training and guidance.

65. CITY is vicariously liable for the wrongful acts of MONTOYA, RHEAULT, AND DOES 1-10 pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

66. The conduct of MONTOYA, RHEAULT, AND DOES 1-10 was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of FLORES and BARILLAS, entitling FLORES to an award of exemplary and punitive damages as to Defendants MONTOYA, RHEAULT, AND DOES 1-10.

67. Plaintiff FLORES brings this claim for survival damages in her capacity as successor-in-interest to BARILLAS and in her capacity as an individual for wrongful death damages. Plaintiff also seeks attorney's fees under this claim pursuant to Cal. Civ. Code § 1021.5.

## SEVENTH CLAIM FOR RELIEF
### Negligence - Wrongful Death

68. Plaintiff hereby restates and re-alleges each and every paragraph set forth above, and hereby incorporates by reference said paragraphs as though fully set forth below.

69. Police officers, including Defendants, have a duty to use reasonable care to prevent harm or injury to others. This duty includes using appropriate tactics, giving appropriate commands, giving warnings, and not using any force unless necessary, using less than lethal options, and only using deadly force as a last resort.

70. Defendants MONTOYA, RHEAULT, AND DOES 1-10 breached this duty of care. Upon information and belief, the actions and inactions of Defendants MONTOYA, RHEAULT, AND DOES 1-10 were negligent and reckless, including but not limited to:

  (a) the failure to properly and adequately assess the need and manner in which to detain, arrest, and use force or deadly force against BARILLAS;

  (b) the negligent tactics and handling of the situation with BARILLAS, including pre-shooting negligence;

  (c) the negligent manner of the detention, arrest, and use of force, including deadly force, against BARILLAS;

  (d) the failure to provide prompt medical care to BARILLAS;

  (e) the failure to properly train and supervise employees, both professional and non-professional, including MONTOYA, RHEAULT, AND DOES 1-10;

  (f) the failure to ensure that adequate numbers of employees with appropriate education and training were available to meet the needs of and protect the rights of BARILLAS;

(g) the negligent handling of evidence and witnesses; and

(h) the negligent communication of information during the incident.

71. As a direct and proximate result of Defendants' conduct as alleged above, and other undiscovered negligent conduct, BARILLAS was caused to suffer severe pain and suffering and ultimately died. Also as a direct and proximate result of Defendants' conduct as alleged above, Plaintiff FLORES suffered emotional distress and mental anguish. Plaintiff FLORES also have been deprived of the life-long love, companionship, comfort, care, assistance, protection, affection, society, moral support, the enjoyment of sexual relations with BARILLAS, and his training and guidance.

72. CITY is vicariously liable for the wrongful acts of Defendants MONTOYA, RHEAULT, AND DOES 1-10 pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

73. Plaintiff FLORES brings this claim for survival damages in her capacity as successor-in-interest to BARILLAS and in her capacity as an individual for wrongful death damages. Plaintiff also seeks attorney's fees under this claim pursuant to Cal. Civ. Code § 1021.5.

### ELEVENTH CLAIM FOR RELIEF
### (Violation of Cal. Civil Code § 52.1)

74. Plaintiff hereby restates and re-alleges each and every paragraph set forth above, and hereby incorporates by reference said paragraphs as though fully set forth below.

75. California Civil Code, Section 52.1 (the Bane Act), prohibits any person from using violent acts or threatening to commit violent acts in retaliation against another person for exercising that person's constitutional rights. Under the Bane Act, the use of excessive force by a police officer in violation of a person's rights is an act of violence that satisfies the requisite showing of threats, intimidation, or coercion.

76. On information and belief, MONTOYA, RHEAULT, AND DOES 1-10, inclusive, while working for the CITY and acting within the course and scope of their employment, specifically intended to commit acts of violence against BARILLAS, when they fired multiple gunshots at BARILLAS, striking BARILLAS nine times, without warning and when they were undercover and in unmarked vehicles, and when BARILLAS was unarmed, was not about to commit or in the process of committing any violent crime, had not threatened anyone, had not harmed anyone, was complying with commands, was in the process of surrendering, when BARILLAS was outnumbered by LAPD officers, and when there were alternative methods to take BARILLAS into custody other than by shooting him dead.

77. The conduct of Defendants was a substantial factor in causing BARILLAS' death and FLORES' harm, loss, injuries, and damages.

78. CITY is vicariously liable for the wrongful acts of Defendants MONTOYA, RHEAULT, AND DOES 1-10, inclusive, pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

79. The conduct of Defendants was malicious, wanton, oppressive, and accomplished with a conscious disregard for BARILLAS' and FLORES' rights,

justifying an award of exemplary and punitive damages as to Defendants MONTOYA, RHEAULT, AND DOES 1-10.

80. Plaintiff FLORES brings this claim for survival damages in her capacity as successor-in-interest to BARILLAS. Plaintiff also seeks attorney's fees under this claim pursuant to the Cal. Civ. Code § 52.1(h) and Cal. Code Civ. Proc. §1021.5.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment as follows:

1. For survival damages, according to proof at trial;
2. For wrongful death damages, according to proof at trial;
3. For an award of interest, including prejudgment interest, at the legal rate;
4. For costs of suit;
5. For reasonable attorney fees as provided by law, including, but not limited to statutory fees under 42 U.S.C. §1988, Cal. Civ. Code §§52.1(h), and Cal. Code Civ. Proc. §1021.5;
6. For punitive damages against the non-municipality individual defendants; and
7. For such other and further relief as the court may deem just, proper, and appropriate.

Dated: November 28, 2015

THE LAW OFFICES OF DALE K. GALIPO
THE LAW OFFICES OF TORRES-SIEGRIST

By: *[signature]*
Dale K. Galipo
Melanie T. Partow
David G. Torres-Siegrist

## DEMAND FOR JURY TRIAL

Plaintiff ARACELI FLORES hereby demands a trial by jury.

Dated: November 28, 2018

THE LAW OFFICES OF DALE K. GALIPO
THE LAW OFFICES OF TORRES-SIEGRIST

By: /s/ Melanie Partow
Dale K. Galipo
Melanie T. Partow
David G. Torres-Siegrist

-20-

COMPLAINT FOR DAMAGES